Our next case this morning is 25-1857, Elizabeth Putnam et al. v. EPR Properties et al. Good morning. May it please the court. My name is Ben Zimmerman, with Stacey Petrowitz. We represent the estate of Anthony Putnam. With your permission, I'd like to reserve three minutes for rebuttal. You may. For over 30 years in this commonwealth and in this circuit, courts have found personal jurisdiction over 4N hotels for injuries to Massachusetts citizens that occur and deaths that occur at those hotels. The cases of Tatro, of Nanju, of Nowak are controlling in this case, and they've been followed for decades in the Sigros case, the Rooney case, the Calkins case, and others as they have to be in the district court. All of these cases use the same analysis. They all started with the uncontroversial premise that we're going to accept all the plaintiff's allegations, if supported as true, that we're going to ignore contrary affidavits, and all of them allowed for jurisdictional discovery if personal jurisdiction was seriously challenged or facts were in question. All of them did. And the district court decided to follow none of these cases in deciding this case at the motion to dismiss stage. Instead, citing without analogizing or even really evaluating the cases like Quan Chen and Ward, which, if you look at the records and the opinions and the facts of those cases, have nothing to do with the circumstances here. So we start with what I will call the hotel cases, the binding hotel cases, which have been established law for 30 years. And what do they show? Well, we start with the facts, and the facts have to be construed in our favor. And we start with the complaint as all of the district court opinions in NANJU, written by Judge Burroughs. Can I direct you to address the type of documents that we can look to? Obviously, there's an argument over authentication in this case. What can and can't we look at? Yeah, I think that's a fair question. I want to point out, though, that we're on an appellate record here where these documents that we're talking about were never objected to, they were never subject to a motion to strike. They are in the record, and so they are in for all purposes as a matter of appellate law. But to a practical answer to your question, Your Honor, is we have to go with what's publicly available. The judge, at the hearing of this motion, said, well, you haven't authenticated any of these documents. And I said, well, respectfully, Your Honor, it's really hard to get documents authenticated if you're not going to give me any discovery or deponent to ask questions of. And she just blew right by that. So it's a fair question. I don't think it applies to this case because the records are in evidence without objection and without a motion to strike. Had they moved to strike them, we would have been able to have that discussion. How do we authenticate them? What discovery do we need to put them properly in evidence? That never happened. They're just in evidence or they're just on the record. So I don't want to go through the allegations of the complaint because I know you've read it, but I think it's important that every opinion of the District Court started with the facts of the complaint. And we have alleged, more specifically than anyone usually does, five-year-old Anthony Putnam was killed at the Hotel Valpiarchie when a bed fell on him. Premier Parks LLC operates many locations, including this one, including the Hotel Valpiarchie. Premier Parks does so through a triple net lease. This is in the complaint, through a triple net lease with the owner, EPR, also a defendant in this case, and Premier Parks had numerous contacts with the plaintiffs before and after the incident in this case related to their marketing in Massachusetts, which I'll get to in a minute. And they induced them to buy more rooms, buy services, you know, the kind of contacts that have been routinely found to be sufficient to confer personal jurisdiction. So I see two different issues going on here. You've got one, who owns it, two, who operates it. So I think it'd be interesting to hear on both of those. But on ownership, it seems like you might have more on management. On ownership, what do you have to truly create a dispute over whether or not EPR owns that as opposed to, I think, as Valpiarchie Property, LP? Yeah, I agree with Your Honor. I think the case for management and operation is stronger than against Premier Parks, LLC versus EPR. However, we do have the June 22nd company statement. It's been variously referred to as a press release, but it's a company statement on their website, never been denied that it was their statement, saying that they bought these properties and that they were leasing them to Premier Parks on the triple net lease. So that's in evidence, or that's on the record. We have Premier Parks' statement that says that this group is going to become part of the Premier Parks family, and we have in that statement that they referring to EPR properties, which is the name defendant in this case, as the new owner and themselves as new management of the hotel. What I'm struggling with a little bit on that is I have a hard time reading those as inconsistent with the statement that EPR provided, which was, no, this separate entity subsidiary to us is the one that actually owns it. So the broad statements, I get what you're saying, but is that really inconsistent with their more precise information in the affidavit? I do think it is for the purposes of a motion to dismiss. I take your point, and it's a point obviously we've thought about. I think you have to take the documents at face value. They say EPR properties. If it turns out that we're wrong and the affidavit is right, maybe that changes down the road. And that was even referenced by my brother at the argument on the motion to dismiss. You know, we think we're saying the right thing, but if we don't, you can always add us back in kind of thing. And I think with respect to EPR, that's a fair criticism. With respect to Premier Parks LLC though, there is no doubt that on this record, we have a plethora of evidence directly supporting and corroborating the allegations of the complaint that they operate and manage these hotels closely. They do it with 5,000 to 10,000 employees. They buy them. They manage them. I mean, this is all on the record and the district court just completely ignored it. And that is extreme error not to follow the precedents of this court. And I would remind you that Premier Parks LLC, this can get lost in the fray a little bit, they never even claimed, never even claimed not to operate the hotel until their reply brief when they submitted Kieron Burke, who owns all of these companies, Kieron Burke's affidavit. So it wasn't until they saw our evidence, our documentation of their direct management and operation of this hotel, that they decided they were going to submit an affidavit, giving us essentially no chance to respond to. But the truth of the matter is, we shouldn't even be talking about their affidavits. And if you read the Nanju cases closely and go to the dockets in that case and the NOAC case and the Tatro case, by the way, in which, you know, this was after discovery, but there are affidavits exactly like these in the record on those cases and they aren't even mentioned in the district court's opinions and they're not even mentioned in this court's opinions because they're not to be considered when they controvert our evidence. And if you read the district court's analysis, it's very interesting. She recites our allegations, kind of gives them... So when is, if I take everything you just said, and then there's a conflict. So I understand on the prime official case, we can't just accept what they say, but they may be right. So at the end of the day, does that mean we should be leaning towards giving you jurisdictional discovery or you just... Well, I... Went out right on this jurisdiction. I think I went out right because the allegations and the corroboration is such that Premier... What should have happened here is that jurisdiction should have been found and we should have reserved on that for summary judgment. That's what should have happened here. But if we have a bunch of non-authenticated, I'm not talking about Premier Parks, a bunch of non-authenticated documents and I see the VVV logo is on their website, they have a glass door thing, they have a domain name out there. So it looks like there's stuff in your unauthenticated documents, but maybe it's not as it seems by those documents and they do have an affidavit that I understand the point, we just can't accept that affidavit. What is the right thing to do there? Yeah, well, the right thing to do, well, the right thing the district court to have done was to follow the case law and allow the jurisdictional discovery in the first place so we wouldn't be here. And skipping to that point, which is an abusive discretion standard, which I happily accept, she blew by a whole range of cases, the Swiss American Bank case, the Adelson case, the Gartec case, the Serpitsky case, the Blair case. They all say in form and substance, look, if the plaintiff makes a reasonable argument for their allegations and has a reasonable documentation of it, then the bar for jurisdictional discovery is low and it's supposed to be because there is no way for the Putnams, who lost their child, to know what the corporate structure of Premier Parks LLC is. Even if the affidavit's true, you know, there are cases like Segros and others that talk about confused intermingling. So even if as a formal matter, it's one way, these things I pointed out might suggest some integration that might also be favorable to you. Is that right? Yes. Segros is clear on this issue. It's impossible to know all the Disney entities, right? But the other interesting thing is if you read NANJU carefully, NANJU has a Canadian company who owns a hotel in Canada who says, submits an affidavit that says, we don't have anything to do in Massachusetts. We don't know what you're talking about. We don't do it. The district court and this court founded agency relationship, a reverse agency relationship between the franchisee in Canada and the franchisor in the US to find jurisdiction over the Canadian company. We're not even asking for an agency relationship here. So to your point, if this alphabet soup of companies is subject to some discovery and we determine that there may be an agency relation, we couldn't allege that because we didn't have that. But do I expect that that's going to occur? 100%. There's no doubt from these documents and from what we know that Premier Parks LLC is running this hotel and in form and substance. So back to my sort of point, which is that we shouldn't be here, right? Jurisdictional discovery should have been allowed. A full summary judgment record should have been created and why that wasn't done. I have no idea, but I would implore you to correct the error of both in the jurisdictional discovery, but I do think the proper order would be the plaintiffs have made a submission showing the personal jurisdiction at least as to Premier Parks. Thank you. Thank you. Attorney Brennan, please. Good morning, Your Honors. William Brennan for Premier Parks. Mr. Zimmerman just made a strong statement about why there should be jurisdiction over a hotel. They didn't sue a hotel. Where's the hotel? The hotel, the accident happened at the Hotel Del Cartier, but they weren't sued. I don't understand why and that was the major focus of the district courts. Because they say you run it. There's no evidence on that point. Well, your website depicts their logo. You offer jobs for them. You have their domain name on your website. You've announced that their group has joined you. You say that you provide hands-on operating philosophy and a relentless focus on the same website that has their logo. That's stuff. None of that goes to the actual jurisdictionally relevant questions. So there is a chain of hotel cases. Massachusetts asserts very broad jurisdiction over foreign hotels that solicit and book rooms for Massachusetts residents. But in all of those cases, there was no dispute as to who the hotel was. There's no case that's really on point on these issues. The two jurisdictionally relevant questions that I see are who operated the hotel in January 2024 when the accident happened and who booked rooms for Ms. Putnam in 2023 when she booked those rooms. There is evidence on those points. There is admissible evidence on those points. The admissible evidence is Ms. Putnam's affidavit in which she describes nothing to do with Premier Parks. Premier Parks does not appear in her properly submitted affidavit. Because those all refer to Valcartier Village? Valcartier, and I'm just calling it VVV because I can't pronounce it. So she's referring to VVV. Yes. I follow that. VVV is a real name. And Premier Parks is referring to VVV. So then the question is, what is the relationship of Premier Parks to VVV which is on their website? And there's no evidence on that other than the evidence that says VVV operates it and Premier Parks does not. So the only admissible evidence on specifically... If the frame walk is through the contrary evidence, how can you just ignore that? I'm not sure how much more the plaintiff can give given publicly available information prior to discovery. What more could they provide? So they have... I mean, so to go through the unauthenticated evidence, Your Honor? Right. So there is a logo. Premier Parks runs and advises on water parks and various resorts. It doesn't say they operate everything. Sometimes they acquire things. Sometimes they sell things. Sometimes they advise. It doesn't say... That logo doesn't specifically identify any corporate... specific corporate relationship of operation much less... And Premier Parks buys and sells things much less at the relevant times. They have to say not just that at some point unknown in time there was an unknown relationship between VVV and Premier Parks. They have to say that it's jurisdictionally relevant. And that's what has to be drilled down on. What is jurisdictionally relevant? There is a map on EPR's website. My client can't control what's on EPR's website. There is a glass door job posting. I believe that one was from October 2024. So that's 10 months after the accident. It also... But all of this feels like sort of summary judgment kind of material. Like, okay, if this all ends up being nothing. But their point, which I guess I want you to address is we are so early that to shut this down without allowing them to explore what these things mean. And you're offering various responses. But you really don't have a... But they point to these things and we sit here and say, well, we don't know. So why isn't the right thing to do limited jurisdictional discovery to figure out whether these things mean something or they don't? The court, the district court got it right because the district court was entitled to take undisputed facts and consider them. The undisputed fact, the only evidence on who was running the hotel in January 2024 and during the time that the reservations was made, the only evidence is Ms. Serbo's declaration that Premier Parks did not do any booking. Mr. Burks... So you brought up the logo. And you said, well, the logo, you know, that we do a lot of different things. But then the same website says, one of the things we, Premier Parks, does is to provide a relentless focus on guest service and safety. And so how do we know that your use of VVVV logo isn't related to that same, we are a guest service company? This is putting... The plaintiff has the burden to come up with evidence. Even at this stage, they have to go beyond their complaint. They're not trying to go beyond their complaint. They're just saying, look, here's a logo. What if we speculate about that? But this court's precedents make it clear that speculation is insufficient. There is evidence on who ran the hotel. It's all admissible. The evidence that the speculation is based on, one, it's speculation. And two, it's unauthenticated evidence. That's improper. It's setting the bar too low. If a plaintiff can come in... What's your case law that we can't take a look at an unauthenticated document that hasn't been objected to? Do you deny the accuracy or authenticity of those documents? I do not. I think that the court should require an authentication requirement because I think that its precedents require that. But I'm not... What I say is when you look at any of those, they don't say anything. What would they do to do that where they've been given absolutely nothing? They write a complaint like I guess everyone does. They gather up what they can. They write it out in narrative declarative sentences. They come to court and the judge says, go away. And what they ask for is to, judge, let us ask some questions. That is how you, I think, authenticate the documents. Well, how do you authenticate the documents? They could have said... Some of these documents are undated. They could have had a marshalling affidavit where somebody said, here's where I looked and where I found it and the date I found it on. But there's no mystery as to who the hotel is. If you go to the... And this is in the record. Again, if you go to page 201 of the record... But there's a connection between the hotel and Premier Parks. There's some connection there. It's... But what the connection is, is pure speculation. And the court should not... But there's pure speculation except as to the admissible evidence. The admissible evidence is... Why do we have a concept called jurisdictional discovery if they have to prove it without anything? You know, they've done something, I think. So, why do we have that? If you're right, then you wouldn't need it. If no, if my client had not put in those affidavits, then they would have... Why would you need jurisdictional discovery? We'd have an undisputed complaint that would establish jurisdiction. I mean, you called it into question. Right. And we put in evidence. And then I see things on their side that suggest, who knows? And so it seems to me that the beginning interim step before discovery about the accident and all the things is to figure out who's right about this. Respectfully, Your Honor, the district court is not required to just indulge speculation. When there are facts on the disputed issues, there are facts. The facts as to who is running the hotel at the relevant times are undisputed. This court's precedents say... Do you agree that sometimes there can be intermingling of entities that creates, you know, even though you say one is running it, there could be enough cross-pollination that the issue becomes blurred? In the Sigros case, that was the fact pattern, yes, Your Honor. And so why aren't they allowed to explore, given that I see some connection being established between the entities, whether that's the kind that meets the Sigros kind of idea? Because in this case, there is undisputed facts as to the jurisdictionally relevant questions. There is no dispute. There's no... And this court requires... The precedents of this court require genuinely contested facts. Genuinely is very clearly said it's more than speculation. Mr. Zimmerman has come up here and said, maybe there's something. What Your Honor is suggesting is maybe there's a connection. That is per se not enough under this court's precedents. When we put in affidavits... But doesn't your own affidavit suggest some degree of intermingling? Because you have the premier CEO saying that VVVSRI handled all the marketing. Presumably his affidavit was based on personal knowledge. Well, then we have a question of how does he know what VVVSRI is doing? Unless there's some... What's the relationship if he, as the premier park CEO, knows exactly what VVVSRI is doing? It seems to me that there might be some intermingling. Can I answer that? Mr. Burke is absolutely a controlling shareholder of both VVV and of premier parks. Doesn't that cut against you? No, because this is the situation in the Sigros case where even though there was... Disney was the over... Disney, the public company, owned multiple entities that were doing business in Florida at Walt Disney World. The entity that was not involved in the marketing and the solicitation, there was found to be no jurisdiction over that entity. I guess what I don't follow in all this is you're speaking in the language of summary judgment and you submitted affidavits and you say, take those affidavits. And we do that in summary judgment because the idea is everyone... We've explored the thing and everyone puts it in. Then we see, is there a disputed issue of fact worthy of further discussion? But here, you say, well, they have what they have at the motion to dismiss stage. We gave the summary judgment quality affidavit because we know all the facts because we are the company. And then that's it. We're done. Go away because we gave you the affidavit. And so it's kind of like a trust me situation. And I just don't understand why at 12B6 that should be the way it works. I believe that's based on your court's precedence and we're not leaving them with nothing. It's not like we're telling them, go guess who the defendant should be. Everybody has told them it's VVV. They were running the hotel. It's their name on the bill. It's their name in the copyright notice of the advertising. You should be suing VVV. That's why there's no prejudice to them. We have identified... There's no mystery left anymore as to who they should be suing. Do you at least agree that dismissing with prejudice was a step too far? Yes. That's in our papers that we concede that. Yes. And with that, Your Honor, barring any further questions, thank you very much. Thank you. Mr. Bossi, please. Thank you. Good morning, Your Honor. My name is Peter Bossi. I represent EPR. Briefly, because I only have about five minutes, I do think EPR is different in this situation, as the court has pointed out. What there isn't really a dispute on in this case, EPR doesn't even own the hotel. And what these other cases that have been brought up by plaintiff's counsel in this case is that the other entities actually own the hotels in question. EPR doesn't. That's really not controverted, by the way. We have supplied that affidavit. And I understand what the court is saying with respect to affidavits generally with respect to summary judgment. But in this case, it's really not in dispute. And I think my brother has almost conceded that in some respects. Because there's no dispute whatsoever. EPR doesn't own it, doesn't control it, doesn't market, doesn't do anything having to do with this hotel. The actual hotel is owned by another one of its subsidiaries. So we are even a step past or a step beyond in this particular case. We have no contacts whatsoever with Massachusetts. We don't market in Massachusetts. We don't do anything with respect to Massachusetts. We are simply a real estate holding company. That's what we are. And that's where we're in under Maryland law. And we are a principal place of business in Kansas City, Missouri. And that's kind of where we sit on this case. I mean, there is absolutely no evidence. Even when you talk about Premier Parks and things like that, or you talk about who's directing and controlling, who the plaintiff dealt with, anything like that, there's absolutely no evidence whatsoever in the record that we did any of that stuff. None whatsoever. That we marketed, directed, and controlled had anything to do with that. There's some evidence that there's a triple net lease. But the triple net lease isn't even with us. It's not even with EPR. So that the triple net lease- Why wasn't that in the record? I mean, there's discussion of how the lease didn't make it into the record. Why is that? Well, Your Honor, to be quite frank, I guess the affidavit we put in, in hindsight, maybe we should have put in the triple net lease. OK. There was some discussion. I know there was, in this case, there was some, they indicated there was a triple net lease. We kind of thought it was a legal issue, because when you use the phrase triple net lease, it really does have legal ramifications. I understand what plaintiff counsel knows about that. So that's kind of where it was. But that's where we sit. OK. I don't know if anybody has any specific questions for me. But I do think we are far removed. And I don't think it's really disputed by plaintiff's counsel. Thank you, Mr. Posse. Mr. Zimmerman. Thank you, Your Honor. I'm not going to take the three minutes. I have just a couple of brief points. On page 277 of the record appendix, there's something from the EPR website that lists Village of Akans Valcarje as an owned property as part of its portfolio. And it lists Premier Parks as the operator of that property. So I think one of the issues we have here is we have to take these documents at face value on the record and say, that's the evidence that EPR owns it and Premier Parks operates it. Now, with respect to the affidavits, I want to just point out that the district court referred to the affidavits as their alibi. She actually referred to them as that. But when we see Village of Akans Valcarje in the communications with Ms. Putnam, there's no corporation associated with that. That's like getting an email that says Disney on it. You don't know what Disney. Village of Akans Valcarje has existed as that entity well before EPR and Premier Parks ever bought it. So the fact that it says VVV on it and not Premier Parks, which the district court actually latched onto, is- In other words, it's a brand name. Yeah, it's totally divorced from reality and the record. So this was a case where, again, personal jurisdiction should have been found on the private facie standard, reserve the rest for summary judgment, allow discovery to go forward, and we'd ask you to reach that result. Thank you, Mr. Zimmerman. Thank you. All rise, please. The court is in recess until April-